**Dwayne EICHLER, Plaintiff–Appellee,**

v.

**CDC Officer SHERBIN, et al., Defendants–Appellants.**

No. 06–17287.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2008.*

Filed June 23, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Dwayne Eichler, Ione, CA, pro se.

Barry D. Alves, AGCA–Office of The California Attorney General, Sacramento, CA, Jamie Ann Pearson, Esq., Jacob D. Flesher, Esq., Barry Ubaldi McPherson & Flesher, Gold River, CA, for Defendants–Appellants.

Before: WALLACE and GRABER, Circuit Judges, and SCHIAVELLI,** District Judge.

### MEMORANDUM ***

In this appeal, Appellants Sherbin and Lebeck (collectively "Appellants") challenge the denial of summary judgment on qualified immunity grounds. Appellee Dwayne Eichler ("Eichler") alleges that Appellants violated his constitutional rights when they failed to escort him while he was outside his cell during a prison lockdown on June 1, 2003. Viewing the evidence in the light most favorable to Eichler, we must determine *de novo* whether there are any genuine issues of material fact and whether the district court properly applied qualified immunity

principles. *See Lee v. Gregory*, 363 F.3d 931, 932 (9th Cir.2004); *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 945 (9th Cir.2003).

We have jurisdiction under 28 U.S.C. § 1291,[1] and we affirm in part, vacate in part, and remand for further consideration of whether the constitutional right at issue was clearly established for qualified immunity purposes.

### Legal Standard

In *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the United States Supreme Court set forth a two-part test for qualified immunity. *Id.* at 201, 121 S.Ct. 2151. First, a court must consider whether, based on the facts alleged in the light most favorable to the plaintiff, the officers violated a constitutional right. *Id.* If no constitutional right was violated, then there is no further inquiry. *Id.* Second, if a right was potentially violated, the court must consider whether the right at issue was clearly established. *Id.*

### Discussion

■ As to the first part of the *Saucier* analysis, we affirm the district court's determination that genuine issues of material fact preclude entry of summary judgment on whether Appellants' conduct violated the Eighth Amendment. Whether Appellants acted with deliberate indifference by failing to escort Eichler during the prison lockdown is a question of fact. The district court, in adopting the findings and recommendations of the magistrate judge, correctly pointed out that the safety concerns that were the basis for the lockdown

---

** The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. This is an interlocutory appeal of an order denying Defendants' Motion for Summary Judgment on qualified immunity. Our jurisdiction over such appeals is well-established. *See, e.g., Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir.2001)(per curiam).

and the escort policy that Appellants did not follow may support an inference that Appellants acted with deliberate indifference to a substantial risk that Eichler would be harmed. *See Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (stating that a prison official cannot be liable for failing to protect one inmate from another unless the official acted with deliberate indifference to a substantial risk that the inmate would be harmed). Because this inference and the disputed facts are sufficient on this record for a reasonable jury to conclude that Appellants violated Eichler's Eighth Amendment rights, we must proceed to the second part of the *Saucier* analysis.

To determine whether the right allegedly violated was "clearly established," the court must determine, in light of the *specific* context of the case, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202, 121 S.Ct. 2151. "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id.* This would be true even if Appellants actually violated Eichler's Eighth Amendment rights. *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). By contrast, where "courts have agreed that certain conduct is a constitutional violation under facts not distinguishable in a fair way from the facts presented in the case at hand," the officers are not entitled to summary judgment on qualified immunity. *Saucier*, 533 U.S. at 202, 121 S.Ct. 2151.

In the present case, the district court did not conduct the second part of the *Saucier* analysis. The particularized inquiry required here is whether Appellants violated a clearly established constitutional right by failing to escort Eichler while he was out of his cell during the prison lockdown. The district court did not consider this issue, but instead concluded that summary judgment on qualified immunity was inappropriate because a reasonable jury could conclude that Appellants had violated Eichler's Eighth Amendment rights.

Accordingly, we must remand for the district court to determine whether there existed any analogous facts, circumstances or authority for the proposition that, under the specific circumstances of this case, Appellants should reasonably have known they were violating Eichler's constitutional rights. *See Hope*, 536 U.S. at 739, 122 S.Ct. 2508 (holding that the unlawfulness of a clearly established right must be apparent from existing authorities).

**Conclusion**

We affirm the district court's holding that there are factual questions on the issue whether Eichler could establish a constitutional violation, but vacate the denial of summary judgment on qualified immunity, and remand for a determination of whether, in the specific context of this case, it would have been clear to a reasonable officer that the conduct at issue violated a clearly established constitutional right.

Accordingly, the judgment of the district court is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.** The parties shall bear their own costs on appeal.